IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOE HAND PROMOTIONS, INC.                                              PLAINTIFF

VS.                                  4:19-CV-570-BRW

JERMAINE BURTON d/b/a
LUCKY'S SPORTS BAR                                                      DEFENDANT

## ORDER

Pending is Plaintiff's Motion for Default Judgment (Doc. No. 8). Defendant has not responded and the time for doing so has passed. For the reasons set out below, the motion is GRANTED, and Plaintiff is entitled to $3,200 from Defendant.

**I.      BACKGROUND**

According to Plaintiff's Complaint, it held the exclusive commercial distribution rights to the broadcast of Ultimate Fighting Championship's Khabib Nurmagomedov vs. Conor McGregor fight on October 6, 2018.[1] Jermaine Burton operated Lucky's Sports Bar located in Maumelle, Arkansas on the date of the fight. Defendant showed the program at Lucky's without paying the required commercial broadcast fee.

On August 15, 2019, Plaintiff filed a Complaint seeking a judgment of up to $110,000.00 for the willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553, costs, interest, and attorneys' fees.[2] On August 28, 2019, Defendant was served with a summons and copy of the

---

[1] Doc. No. 1, p. 1.

[2] *Id.* at 5.

Complaint.[3]  Defendant filed neither an answer nor responsive pleading.[4]  On December 19, 2019, Plaintiff filed a Motion for Clerk's Entry of Default,[5] which was entered against Defendant on March 26, 2020.  On December 23, 2020, Plaintiff filed a Motion for Default Judgment.[6]

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[7]  A clerk's entry of default under Federal Rule of Civil Procedure 55(a) permits the plaintiff to move for default judgment under Rule 55(b).[8]  If the claim is not for a definite amount, the plaintiff "must apply to the court for a default judgment."[9]  Rule 55(b) provides that a "default judgment may be entered against a party who has defaulted 'for not appearing.'"[10]  The Eighth Circuit "has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment

---

[3]Doc. Nos. 2, 3.

[4]Doc. No. 4, p. 3.

[5]Doc. No. 4.

[6]Doc. No. 8.

[7]Fed. R. Civ. P. 55(a).

[8]See *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (citation and internal quotation marks omitted).

[9]Fed. R. Civ. P. 55(b)(2).

[10]*Am. Auto. Ass'n, Inc. v. Advance Quotes, LLC*, No. 6:10-CV-06020, 2010 WL 2985505, at *2 (W.D. Ark. June 29, 2010), report and recommendation adopted, No. CIV. 10-6020, 2010 WL 2990063 (W.D. Ark. July 26, 2010) (citing Fed. R. Civ. P. 55(b)(1)).

for failure to defend should be granted,"[11] but federal law requires that the court determine that the non-responsive defendant is not in military service.[12]

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true."[13] However, a court must ensure that the "unchallenged facts constitute a legitimate cause of action" before entering a default judgment.[14] "Under Rule 55(b)(2), the Court may hold an evidentiary hearing to determine damages, but a hearing is not required if the amount is ascertainable from definite figures, facts, and evidence provided by plaintiffs."[15]

## III.  DISCUSSION

### A.  Uncontested Facts

Defendant failed to file an answer or responsive pleading within twenty-one days of service of the Summons and Complaint,[16] and that failure was supported by affidavit.[17]

---

[11] *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). The Eighth Circuit has held that failing to appear at hearings and depositions even after filing an answer is "ample basis for a grant of default judgment." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (holding that defendants' "conduct provide[d] ample basis for a grant of default judgment" where defendants had answered the complaint but then "complete[ly] fail[ed] to engage in discovery and fail[ed] to appear at depositions and hearings set by the court"); see also *Dole v. L & J, Inc.*, No. CIV. A. LR-C-89-339, 1990 WL 250974, at *1 (E.D. Ark. Feb. 26, 1990) (granting default judgment after plaintiff defaulted for failure to appear).

[12] When a party is in military service, a default judgment may not be entered against that party unless he or she is represented by counsel. See 50 U.S.C. § 3931(b)(2).

[13] *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

[14] *Id.*

[15] *BMO Harris Bank N.A. v. Richland Express, Inc.*, No. 2:17-CV-00149-KGB, 2018 WL 8299883, at *7 (E.D. Ark. Sept. 28, 2018); see also Fed. R. Civ. P. 55(b)(2); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988).

[16] Doc. No. 4, p. 3.

[17] *Id.*

Additionally, Plaintiff's counsel filed an affidavit stating that he had conducted a search in compliance with the Servicemembers Civil Relief Act and determined that Defendant is not in military service.[18]

Plaintiff filed the pending motion and supporting documentation, such as an affidavit from Plaintiff's president attesting to the allegations in Complaint,[19] an affidavit from Tyler Forrest, a patron at Defendant's establishment, attesting to the violation at the Defendant's bar,[20] the rate card used to determine the charges for broadcasting the event,[21] and the commercial licencing agreement proving that Plaintiff was licensed to sell broadcast rights to the event.

Taking the allegations in the Complaint as true, except for those regarding damages, I find that the unchallenged facts constitute a legitimate cause of action for a violation of 47 U.S.C. § 605. Defendant misappropriated the closed-circuit broadcast scheduled for October 6, 2018 for his financial gain, and Plaintiff is entitled to default judgment against him. The rate card and Tyler Forrest's affidavit establish that Defendant should have paid $998.00 for the broadcast rights of the fight.[22]

**B.     Damages**

A hearing is not necessary to determine damages, because they can be determined based on the documents Plaintiff provided.  Plaintiff elected statutory damages under 47 U.S.C. § 605.[23]  That statute provides that Plaintiff may recover statutory damages from $1,000.00 to

---

[18]*Id.*

[19]Doc. No. 8-2.

[20]Doc. No. 8-3.

[21]Doc. No. 8-4.

[22]Doc. Nos. 8-3, 8-4.

[23]Doc. No. 9, p. 5.

$10,000.00 for each violation.[24]  Additional damages of up to $100,000 may be awarded for a wilful violation.[25]  However, if I find Defendant was not aware and had no reason to believe that his acts constituted a violation, I may reduce the award of damages to a sum of not less than $250.[26]  Furthermore, Plaintiff is entitled to full costs, including reasonable attorneys' fees.[27]

Plaintiff requests statutory damages of $5,000.00 and enhanced damages for $20,000.00. This is excessive.  Defendants showed the event on nine televisions and there were between 15 and 33 patrons at bar. There is no evidence that Defendants imposed a cover charge for entrance or increased its food or beverage prices during the event.  There also is no evidence that Defendants had previously violated anti-piracy laws for cable or satellite television broadcasts. Accordingly, $2,500.00 in statutory damages, with no enhanced damages, is appropriate under the facts of this case.

    **C.**    **Attorneys' Fees**

Plaintiff originally requested $2,500.00 in attorneys' fees. However, yesterday, it withdrew that request.

    **D.**    **Costs**

Regarding the costs, Plaintiff is awarded the $400 charged for filing the Complaint and service costs of $300.

---

[24] 47 U.S.C. § 605(e)(3)(C)(i)(II).

[25] § 605(e)(3)(C)(i)(II)(ii).

[26] § 605(e)(3)(C)(i)(II)(iii).

[27] § 605(e)(3)(B)(iii).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Default Judgment (Doc. No. 8) is GRANTED. Accordingly, Plaintiff is entitled to a total of $3,200 from Defendant.

IT IS SO ORDERED this 10th day of March, 2021.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
